1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DE'ANDRE L. DEDMON, Sr.,                      No.  2:23-cv-00234 DB P

12                      Plaintiff,

13         v.                                       <u>ORDER</u>

14    MICHAEL FELDER, et al.,

15                      Defendants.

16

17         Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff

18    claims that defendants violated plaintiff's substantive and procedural due process rights.

19    Presently before the court are plaintiff's complaint for screening (ECF No. 1) and plaintiff's

20    motion for leave to proceed in forma pauperis (ECF Nos. 2).

21         For the reasons set forth below, the complaint will be dismissed with the opportunity to

22    file an amended complaint.  Plaintiff will be directed to file a new motion to proceed in forma

23    pauperis with the certificate portion completed.

24    ////

25    ////

26    ////

27    ////

28    ////

1

## IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING

### I.      Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

2

1   showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

2   the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

3   544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

4        However, in order to survive dismissal for failure to state a claim a complaint must

5   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

6   factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>,

7   550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

8   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

9   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

10   doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

11        The Civil Rights Act under which this action was filed provides as follows:

12           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the deprivation

13           of any rights, privileges, or immunities secured by the Constitution .
            . . shall be liable to the party injured in an action at law, suit in equity,

14           or other proper proceeding for redress.

15   42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

16   actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u>

17   <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A

18   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

19   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

20   an act which he is legally required to do that causes the deprivation of which complaint is made."

21   <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

22        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

23   their employees under a theory of respondeat superior and, therefore, when a named defendant

24   holds a supervisorial position, the causal link between him and the claimed constitutional

25   violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

26   <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

27   concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u>

28   <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

1    **II.    Allegations in the Complaint**

2         Plaintiff states that, at all relevant times, he was an inmate at the California State Prison,

3    Solano ("SOL".  (ECF No. 1 at 1.)  Plaintiff names as defendants Chief Medical Officer Michael

4    Felder and Dr. Robert Mayes.  (Id. at 2.)

5         The complaint contains the factual allegations: at an unstated date, defendant Mayes

6    "updated [plaintiff's] medical supplies chrono records to reflect DME medical supplies that

7    [plaintiff is] not in possession of…."  (Id. at 3.)  Defendant Mayes also denied plaintiff "the right

8    to receive an in level programming transfer that would entile [sic] [plaintiff] to half-time credit

9    earning status based on unrealistic medical conditions he construes to be of detriment to

10   [plaintiff's] health…."  (Id.)  Defendant Felder filed "falsified documents in response to an order

11   he stated was requested by medical staff."  (Id.)  Plaintiff claims this caused him to lose

12   rehabilitation credits as he was unable to access programming.  (Id.)

13        Plaintiff seeks relief in the form of twenty-five thousand dollars ($25,000.00) in punitive

14   damages, that plaintiff be granted half credit earning status, and "for staff to be trained and

15   admonished against unethical practices when dealing with inmates."

16   **IV.    Does Plaintiff State a Claim under § 1983?**

17        Plaintiff fails to state any claims for relief cognizable under 42 U.S.C. § 1983.  The exact

18   factual basis of plaintiff's claim is difficult to discern.  The complaint uses a number of

19   abbreviations and shorthand terms which makes it hard to understand exactly what plaintiff says

20   occurred.  Additionally, plaintiff appears to be claiming that defendants were deliberately

21   indifferent to his medical needs.  (ECF No. 1 at 3.)  However, plaintiff has not alleged any facts

22   that establish that he has a serious medical need or that defendants acted with deliberate

23   indifference to that need.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

24        Given these facts, the court will dismiss plaintiff's complaint.  However, based on the

25   initial complaint, plaintiff may still be able to state a claim.  As such, plaintiff will be given the

26   opportunity to file an amended complaint.

27   ////

28   ////

4

Plaintiff is advised that he must adhere to the following standards for stating claims for relief under § 1983.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.

- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

- The following people are typically not appropriate defendants in a § 1983 action: (1) supervisory personnel, see Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (supervisors not liable for the actions of their employees under § 1983; respondeat superior is not a basis for liability); and (2) persons whose only role was reviewing plaintiff's administrative appeals, see George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.).

- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).  Plaintiff should seek to use plain language describing what occurred.

- Plaintiff may allege multiple claims against a single defendant.  Fed. R. Civ. P. 18(a).  However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant.  Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).   Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

5

1    • Any amended complaint must show the federal court has jurisdiction, the action is

2        brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations

3        are true.  It must contain a request for particular relief.

4    • An amended complaint must be complete in itself without reference to any prior

5        pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the

6        original pleadings are superseded.

7    • Plaintiff must exhaust his administrative remedies before filing suit.  42 U.S.C. §

8        1997e(a).

9        Additionally, it is noted above that plaintiff wishes to bring an Eighth Amendment

10   medical needs claim.  Should plaintiff decide to bring such a claim in the amended complaint,

11   plaintiff must ensure that the factual allegations satisfy all relevant legal standards.  To state a

12   medical claim under the Eighth Amendment, plaintiff must allege facts showing that he had a

13   serious medical need and that a specific defendant or defendants acted with deliberate

14   indifference to that need.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

15   ////

16   ////

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

6

1

**CONCLUSION**

2      For the foregoing reasons, IT IS HEREBY ORDERED as follows:

3      1.   Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

4      2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

5           is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

6           1915(b)(1).  All fees shall be collected and paid in accordance with this court's order

7           to the Director of the California Department of Corrections and Rehabilitation filed

8           concurrently herewith.

9      3.   Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

10     4.   Plaintiff is granted thirty days from the date of service of this order to file an amended

11          complaint that complies with the requirements of the Civil Rights Act, the Federal

12          Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint

13          must bear the docket number assigned this case and must be labeled "First Amended

14          Complaint;" failure to file an amended complaint in accordance with this order may

15          result in a recommendation that this action be dismissed.

16     5.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

17          form used in this district.

18    Dated:  April 5, 2023

19

20    _____

21    DEBORAH BARNES
      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26    DB:14
      DB/DB Prisoner Inbox/Civil Rights/S/dedm0234.scrn_lta

27

28