UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'ANDRE L. DEDMON, SR., | No. 2:23-cv-0234 DB P |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL FELDER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983.  Before the court is plaintiff's first amended complaint ("FAC") for screening.  For the reasons set forth below, this court finds plaintiff fails to state a cognizable claim for relief.  The FAC will be dismissed and plaintiff will be given an opportunity to file a second amended complaint to attempt to state a claim for relief.

**BACKGROUND**

Plaintiff is currently incarcerated at California State Prison, Los Angeles.  He complains of conduct that occurred when he was incarcerated at California State Prison, Solano ("CSP-SOL") in late 2022 and early 2023.  On screening the original complaint, this court found plaintiff failed to state any cognizable claims for relief under § 1983.  (ECF No. 9.)  Plaintiff was given the opportunity to file an amended complaint.  He has done so.  (ECF No. 12.)

////

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. First Amended Complaint**

Plaintiff identifies three defendants: (1) Michael Felder, Chief Medical Officer; (2) Dr. Robert Mayes; and (3) J. Barriga, Appeals Registered Nurse. Plaintiff's claims are difficult to discern. As best this court can tell, plaintiff is alleging the following. He was diagnosed with having seizures. He is being given medication for those seizures. The medication is causing side effects. Plaintiff feels the diagnosis of seizures is incorrect and he has sleep apnea. Plaintiff states that he requires a CPAP[1] machine because he has difficulty sleeping.

Plaintiff seems to be alleging defendant Barriga interviewed plaintiff about his grievance on this issue and failed to "overrule" the doctor's diagnosis. Plaintiff alleges defendant Felder reviewed his appeal and, along with defendant Mayes, falsified plaintiff's records to show that he has a medical condition that is more serious than it is. Plaintiff also states that he has diabetes and appears to contend he is not getting appropriate medication for it.

For relief, plaintiff is seeking damages for the denial of a CPAP machine.

////

////

---

[1] "CPAP" stands for continuous positive airway pressure.

**II. Does Plaintiff State Any Claims for Relief?**

Plaintiff's FAC does not state any claims for relief that are cognizable under 42 U.S.C. §1983. It appears that plaintiff is complaining about his medical care and the denial of a CPAP machine. However, based on the facts this court is able to discern from the FAC, plaintiff fails to allege an Eighth Amendment claim regarding his medical care.

To state a claim that a defendant violated plaintiff's Eighth Amendment rights regarding his medical care, plaintiff must allege facts showing the following. First, plaintiff must show that he has a serious medical need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (internal citation omitted), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff fails to explain why he feels he has sleep apnea or why the lack of a CPAP machine significantly affects his daily activities. Plaintiff's allegation that he has difficulty sleeping is not sufficient to show either that he has sleep apnea or that he is suffering a significant injury.

If plaintiff alleges sufficient facts to show the existence of a serious medical need, he must then allege facts showing that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also

Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835.

To show that each defendant was deliberately indifferent to his medical need, plaintiff must explain just what each defendant has done.  Plaintiff should use simple language to tell the court what each defendant did that shows he or she was deliberately indifferent.

Plaintiff is also informed that a prison official who reviews an appeal is typically not liable for a denial of medical care.  "Only persons who cause or participate in the violations are responsible.  Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."  George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under §1983.  An individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it.  See Jett, 439 F.3d at 1098.

## CONCLUSION

This court finds that plaintiff has again failed to state any cognizable claims for relief under §1983.  Plaintiff will be given an opportunity to file a second amended complaint.

In his amended complaint, plaintiff must address the problems with his first amended complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended

complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The first amended complaint (ECF No. 12) is dismissed with leave to amend.

2. Within thirty days from the date of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court shall send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  January 5, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/dedm0234.FAC scrn LTA