UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANDRE L. DEDMON, SR.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FELDER, et al.,<br><br>Defendants. | No. 2:23-cv-0234 DJC DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's second amended complaint for screening. For the reasons set forth below, this court finds plaintiff again states no claims for relief cognizable under §1983 and recommends this action be dismissed.

**BACKGROUND**

Plaintiff is currently incarcerated at California State Prison, Los Angeles. He complains of conduct that occurred when he was incarcerated at California State Prison, Solano ("CSP-SOL") in late 2022 and early 2023. On screening the original and first amended complaints, this court found plaintiff failed to state any cognizable claims for relief under § 1983. (ECF Nos. 9, 15.) Plaintiff was given the opportunity to file a second amended complaint. He has done so. (ECF No. 18.)

////

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**I. Second Amended Complaint**

Plaintiff identifies the following defendants: (1) Michael Felder, Chief Medical Officer; (2) Dr. Robert Mayes; (3) CCI Counselor Hodgers; and (4) S. Gates, Chief of the Health Care Appeals Branch. Plaintiff's claims are again difficult to discern. As best this court can tell, plaintiff is alleging the following. Plaintiff is disabled under the Americans with Disabilities Act "(ADA)" because he had seizures as a child and now has damaged cartilage in his left knee. In 2022, defendant Hodgers told plaintiff the only way he could "get half time" is if he went to firecamp or the firehouse. However, defendant Mayes updated plaintiff's medical chrono in October 2022 indicating that plaintiff had a CPAP[1] machine and is unable to go to firecamp. Even though he needs one, plaintiff did not and does not have a CPAP machine. Even if he did, it would not limit his ability to go to firecamp.

Defendant Hodgers conspired with defendant Mayes to falsify plaintiff's medical records so he could not go to firecamp.

////

////

---

[1] "CPAP" stands for continuous positive airway pressure.

**II.  Does Plaintiff State Claims for Relief?**

The bases for plaintiff's claims appear to be that he was denied the right to go to firecamp, apparently based on his disability, and that he did not and does not have a CPAP machine. Plaintiff again fails to state claims for relief.

To the extent plaintiff is attempting to allege a claim under the ADA, he fails to do so.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. §12132.  To allege an ADA claim, plaintiff must state facts showing:  (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). Plaintiff fails to make any of these showings.  First, plaintiff identifies his disabilities as seizures, which he had as a child, and knee problems.  Since he contends he no longer has seizures, plaintiff is apparently alleging that his knee problems amount to a disability.  Plaintiff fails to show that those knee problems "substantially limit[] one or more major life activities."  See 42 U.S.C. §12102.  Nor does plaintiff show that he was discriminated against based on his knee problems.  Plaintiff's allegations simply show that he has medical issues that doctors may have reasonably felt made his participation in firecamp inappropriate.

Plaintiff's allegations regarding his exclusion from firecamp also fail to state a constitutional claim.  "[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment[.]'"  Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (quoting Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir.1986) (per curiam) and citing Baumann v. Ariz. Dep't of Corr., 754 F.2d 841, 846 (9th Cir.1985)).  "Prisoners have no constitutional right to a prison job."  Harris v. Sivley, 951 F.2d 360 (9th Cir. 1991).

With respect to plaintiff's claim regarding the CPAP machine, plaintiff has been instructed twice previously on the standards to allege claims under §1983 and the standards for stating an

Eighth Amendment medical claim.  (See ECF Nos. 9, 15.)  Plaintiff has been told that he must explain just what each defendant did that violated his rights.  In the second amended complaint, plaintiff simply states that defendant Mayes identified plaintiff as having a CPAP machine, even though plaintiff did not and does not have one.  Plaintiff fails to show Mayes is responsible for plaintiff's lack of a CPAP machine or that Mayes acted with deliberate indifference with respect to plaintiff's need for a CPAP machine.  Further, plaintiff fails to allege any facts showing that the lack of a CPAP machine "significantly affects" his "daily activities."  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citation omitted), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  Therefore, he fails to show his need for a CPAP machine is a "serious medical need" under the Eighth Amendment.  Id. at 1059.

Finally, this court notes that plaintiff's second amended complaint contains no allegations against defendants Felder or Gates.  Therefore plaintiff obviously does not state §1983 claims against them.

The second amended complaint is plaintiff's third opportunity to state claims for relief under §1983 and he has not done so.  Plaintiff was warned in the court's last screening order that his "[f]ailure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed." (ECF No. 15 at 6.)  This court finds that giving plaintiff any further opportunities to state a claim would be futile.  Therefore, this court will recommend dismissal of this action.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim under 42 U.S.C. § 1983.  See 28 U.S.C. § 1915A(a).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////

time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2024

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/dedm0234.SAC scrn fr

5